# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. RODRIGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DON PENNER, et al.,<br><br>        Defendants. | Case No.  1:17-cv-00204-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>(ECF Nos. 1, 7)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Robert Rodriguez, a pretrial detainee, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint in this action on February 13, 2017.  (ECF No. 1.)  On March 27, 2017, Plaintiff filed a motion for preliminary injunction and temporary restraining order.  (ECF No. 7.)  On March 30, 2017, the Court granted Plaintiff's March 29, 2017 application to proceed in forma pauperis.  (ECF No. 9.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against District Attorney Lisa Smittcamp, Deputy District Attorney Liz Owen, and Judge Don Penner, alleging that on January 26, 2017, he accepted a true bill issued against him by placing his acceptance of the offer on the face of the bill. (Compl.at 3, ECF No. 1.) Plaintiff alleges that between October 23, 2016, and October 26, 2016, he was presented with a complaint filed by the District Attorney's Office against him and that he provided a lawful contention to count one and count one was dismissed. (Id. at 3-5.) Plaintiff contends that he presented the accepted complaint to the judge so that his acceptance could be

expressed on the record by the judge and the judge could offer the accepted complaint to "the people." (Id. at 3.)[1] Plaintiff states that "the people" rejected the offer. (Id.) Plaintiff alleges that he then requested the complaint be returned, but the judge refused to return it. (Id.) Plaintiff contends that he expressed to the court and "the people" that he accepted their "dishonor." (Id. at 3-5.) Plaintiff alleges that by rule, rejection of payment shall free all obligation of the debtor. (Id. at 4.) Plaintiff also alleges that his acceptance was dishonored by and through the agents of the District Attorney's Office and that the District Attorney's Office is now acting in dishonor. (Id. at 5.)

Plaintiff alleges that he has suffered an injury because he continues to be unlawfully detained. (Id. at 3-5.) Plaintiff requests temporary injunctive relief until the conclusion of the case; $5,000,000 from each Defendant for a total of $15,000,000; and court fees. (Id. at 6.)

## III.

## DISCUSSION

### A. Judicial Immunity

Plaintiff alleges that the judge described Plaintiff's accepted complaint on the record and offered the accepted complaint to "the people." Plaintiff contends that the judge refused to return the complaint to Plaintiff after "the people" rejected the offer.

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923.

Absolute judicial immunity insulates the judge from actions for damages due to judicial

---

[1] Plaintiff refers to the actions of a judge in his factual allegations, but he does not use Judge Penner's name. While it appears Plaintiff is referring to Judge Penner, he may be referring to the actions of another judge, so the Court will use "the judge" when discussing these allegations.

acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F. Supp. 2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Here, the acts for which Plaintiff seeks to hold the judge liable for clearly meet the test for judicial action taken within the judge's jurisdiction. Plaintiff's case was pending before the judge who allegedly described Plaintiff's accepted complaint on the record and offered the accepted complaint to "the people." "The people" then rejected Plaintiff's offer and the judge refused to return it. The judge was acting in his judicial capacity in response to Plaintiff's acceptance of the complaint.

Therefore, the judge is entitled to absolute judicial immunity for the acts upon which this complaint is brought and Plaintiff fails to state a cognizable claim against Judge Penner or any other judge based on the allegations in the complaint.

**B.     Prosecutorial Immunity**

Similarly, prosecutors are immune from liability under 42 U.S.C. § 1983 for actions taken in their official capacity. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen, 363 F.3d at 922 ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman, 793 F.2d at 1075 (holding that judges and

prosecutors are immune from liability for damages under section 1983).  Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431).

Plaintiff claims that "the people" did not accept his complaint and that his acceptance was dishonored by and through agents of the District Attorney's Office, which the Court liberally construes to mean that the district attorney and/or assistant district attorney did not accept his complaint.  These acts would fall within those acts that are performed in the district attorney's prosecution of the case.  Liberally construing Plaintiff's complaint, it appears that he alleges that the district attorney did not accept his plea offer or offer to resolve the case.  However, accepting a plea offer by a criminal defendant would also fall within those acts that are performed in the district attorney's prosecution of the case.  Therefore, District Attorney Lisa Smittcamp and Deputy District Attorney Liz Owen are entitled to immunity for the acts upon which this complaint is brought and Plaintiff fails to state a cognizable claim against them.

### C.  Principles of Abstention Apply to Plaintiff's Claims

Liberally construing Plaintiff's complaint, it appears that he seeks to end or interfere with his criminal prosecution.  It appears that one of two abstention principles articulated by the United States Supreme Court may apply to this case.

The Younger doctrine precludes a federal court's intervention in ongoing state proceedings.  Younger v. Harris, 401 U.S. 37 (1971).  Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court of State of Cal. for Cty. Of Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994) (citations omitted).  The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings are still considered pending).  It appears that Plaintiff is involved in a pending criminal action from

which this court must abstain.

Further, once a state court proceeding has concluded, the Rooker–Feldman abstention doctrine applies when the relief requested in the federal court would effectively reverse a state court decision or void its ruling. The application of the Rooker–Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). However, the Rooker-Feldman doctrine encompasses claims that were not only actually litigated, but also those that are "inextricably intertwined" with the adjudication by a state court. Id. at 286 (citation omitted).

### D. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

In this instance, the Court finds that amendment of the complaint would be futile. Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

### E. Preliminary Injunction and Temporary Restraining Order

Plaintiff seeks a preliminary injunction and temporary restraining order. (ECF No. 7.) Plaintiff seeks to enjoin and restrain Defendants, their successors in office, agents, employees, and all other persons acting in concert and participation with them from "all obligations thats [sic] stated in the civil rights complaint" in this action. (ECF No. 7 at 1-2.)

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Whitman v. Hawaiian Tug and Barge Corp./Young Bros. Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998) (citation omitted). The factors considered for issuing a temporary restraining order are the same as the standards for issuing a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008) (citation omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A court may grant a preliminary injunction only if the plaintiff establishes four elements: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive relief is in the public interest." Leigh v. Salazar, 677 F.3d 892, 896 (2012); Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010). An injunction "may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22 (citation omitted) (emphasis added).

In order to qualify for injunctive relief, Plaintiff must, at minimum, demonstrate "probable success on the merits" or a "fair chance of success" that his claims will ultimately prevail on their merits. See, e.g., Johnson v. Calif. State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). No matter how severe or irreparable the injury asserted, an injunction should never issue if the moving party's claims are so legally untenable that there is virtually no chance of prevailing on the merits. State of Tex. v. Seatrain Int'l, S.A., 518 F.2d 175, 180 (5th Cir. 1975).

The Court finds that it cannot conclude that there is any likelihood Plaintiff will ultimately prevail on the merits because, as stated above, Defendants are entitled to judicial and prosecutorial immunity. Further, it appears that principles of abstention apply to Plaintiff's claims. If the district judge adopts these findings and recommendations, Plaintiff's complaint will be dismissed without leave to amend and the action will be closed. Therefore, Plaintiff's motion for preliminary injunction and temporary restraining order should be denied.

# IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint, filed February 13, 2017, be DISMISSED without leave to amend for failure to state a claim; and

2. Plaintiff's motion for preliminary injunction and temporary restraining order be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 30, 2017**

UNITED STATES MAGISTRATE JUDGE